The Honorable Bill Walters State Senator Post Office Box 280 Greenwood, Arkansas 72936-0280
Dear Senator Walters:
This is in response to your request, on behalf of the City of Barling, for an opinion concerning whether it is permissible for a municipality in Arkansas to provide police services by contract with an adjacent neighbor. You have indicated that the town of Central City would like to enter into a contract with the City of Barling whereby the City of Barling Police Department will provide police services such as routine patrols in exchange for monetary compensation. It is my understanding that Central City is an incorporated town and the City of Barling is a city of the first class.
As a general matter, it is my opinion that an incorporated town may contract with a city of the first class for the provision of police services. Arkansas Code Annotated § 25-20-108(a), part of the Interlocal Cooperation Act, provides:
 Any one (1) or more public agencies may contract with any one (1) or more other public agencies to perform any governmental service, activity, or undertaking which each of the public agencies entering into the contract is authorized by law to perform alone, provided that the contract shall be authorized by the governing body of each party to the contract. The contract shall set forth fully the purpose, powers, rights, objectives, and responsibilities of the contracting parties.
The phrase "public agency" is defined, in part, as any political subdivision of the state of Arkansas. See A.C.A. § 25-20-103(1). In addition, A.C.A. § 14-52-102 provides that "[t]he governing body of any incorporated town may establish a police department for the town, prescribe its duties, and define its powers in such manner as will most effectively preserve the peace of the town, secure the citizens thereof from personal violence, and safeguard their property from unlawful deprivations." See also A.C.A. § 14-52-101 (authorizes cities to establish police departments). Thus, because both a city of the first class and an incorporated town are authorized by law to provide police services, either one may contract with the other to provide such services.
It should, however, be noted that A.C.A. § 25-20-108 provides that the "contract shall set forth fully the purpose, powers, rights, objectives, and responsibilities of the contracting parties." All of the particular facts, including the terms of any agreement, would have to be considered in order to fully assess the validity of such a contract. The construction of a contract is generally beyond the scope of an Attorney General opinion. I suggest, therefore, that the municipalities involved consult their city attorney, or local counsel to whom the city usually looks for advice, in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh